**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4783**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LATANYA GARCIA,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:07-cr-00050-IMK-JSK-5)

Submitted: October 7, 2010      Decided: February 10, 2011

Before MOTZ, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

De'Andra N. Burton, BURTON LAW OFFICE, Morgantown, West Virginia, for Appellant. Betsy C. Jividen, Acting United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latanya Garcia was convicted by a jury of conspiracy to obstruct justice in violation of 18 U.S.C. § 371 (2006), and aiding and abetting the obstruction of justice in violation of 18 U.S.C. §§ 2, 1512(c) (2006). She was sentenced to twenty-four months' imprisonment. Garcia's counsel has filed a brief pursuant to Anders v. California, 368 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether there was sufficient evidence to support the convictions. Garcia, informed of her right to file a pro se brief, has not done so. We affirm.

This court reviews de novo challenges to sufficiency of the evidence. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). A jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862.

To support a conviction for obstruction of justice, the Government must prove: (1) a pending judicial proceeding; (2) that the defendant had knowledge of the pending proceeding;

2

and (3) that the defendant acted "with the intent to influence, obstruct, or impede that proceeding in its due administration of justice." United States v. Grubb, 11 F.3d 426, 437 (4th Cir. 1993).

In order to prove a conspiracy to obstruct justice, the Government must show: (1) an agreement between two or more people to obstruct justice; (2) willing participation in the agreement by the defendant; and (3) an overt act in furtherance of the agreement. See United States v. Singh, 518 F.3d 236, 248 (4th Cir. 2008); United States v. Edwards, 188 F.3d 230, 234 (4th Cir. 1999). A defendant's participation in a conspiracy may be shown by circumstantial evidence indicating that he or she agreed with one or more others to commit a crime. Burgos, 94 F.3d at 857; see United States v. Kennedy, 32 F.3d 1248, 1255 (4th Cir. 1993) ("[T]he government may use circumstantial evidence to establish a defendant's participation in a conspiracy.").

After reviewing the record, we conclude that there was sufficient evidence presented at trial from which the jury could conclude that Garcia was guilty beyond a reasonable doubt of conspiracy to obstruct justice.

"To prove the crime of aiding and abetting, the government must show that the defendant knowingly associated [her]self with and participated in the criminal venture."

3

United States v. Kingrea, 573 F.3d 186, 197 (4th Cir. 2009) (internal quotation marks omitted). The Government establishes association by showing that the defendant participated in the criminal intent of the principal, which requires the defendant to be aware of the principal's criminal intent and the lawlessness of his acts. Id. The defendant need not participate in every stage of the unlawful activities; participation at some stage along with knowledge of the result and an intent to effectuate that result is sufficient. United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998). Intent may be proven by the surrounding facts and circumstances. See United States v. Bolden, 325 F.3d 471, 494 (4th Cir. 2003) ("[T]he question of one's intent is not measured by a psychic reading of the defendant's mind but by the surrounding facts and circumstances; i.e., circumstantial evidence.") (internal quotation marks and alterations omitted). "The same evidence establishing a defendant's participation in a conspiracy may support a conclusion that a defendant participated in the principal's unlawful intent [to obstruct justice], thereby proving guilt of aiding and abetting as well." Burgos, 94 F.3d at 873.

We have reviewed the record and conclude that the evidence supporting Garcia's conviction for conspiracy to obstruct justice is also sufficient to support her conviction

4

for aiding and abetting the obstruction of justice. Accordingly, we affirm Garcia's convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client in writing of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>